IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

BERNARD L. SMITH,

       Plaintiff,

       v.                                                          CASE NO.  25-3136-JWL

ADE-WIFCO STEEL PRODUCTS,

       Defendants.

**MEMORANDUM AND ORDER
TO SHOW CAUSE**

       Plaintiff Bernard L. Smith is hereby required to show good cause, in writing to the undersigned, why this action should not be dismissed due to the deficiencies in Plaintiff's Complaint that are discussed herein.  Plaintiff is also given the opportunity to file an amended complaint to attempt to cure the deficiencies.

**I.  Nature of the Matter before the Court**

       Plaintiff brings this pro se civil rights action under 42 U.S.C. § 1983.  Plaintiff is currently in custody at the Larned State Correctional Facility in Larned, Kansas.  The Court granted Plaintiff leave to proceed in forma pauperis.  (*See* Doc. 4.)

       Plaintiff's Complaint (Doc. 1) brings a claim for discrimination.  Plaintiff alleges that he was fired on July 24, 2023, from a job with ADE-WIFCO Steel Products for sexual harassment of another worker.  He asserts that there is no proof that any harassment occurred, "[j]ust she was white and I'm Black" and "a white man stated he seen something when he didn't."  *Id*. at 2. Plaintiff further states that he was in front of a camera, and the camera did not show anything.  *Id*.

Plaintiff seeks relief in the form of the return of his job, back pay from the date he was fired, and compensation for mental anguish. *Id.* at 5. Plaintiff names a single defendant, ADE-WIFCO Steel Products.

## II. Statutory Screening of Prisoner Complaints

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or an officer or an employee of a governmental entity. 28 U.S.C. § 1915A(a). The Court must dismiss a complaint or portion thereof if a plaintiff has raised claims that are legally frivolous or malicious, that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1)–(2).

"To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988) (citations omitted); *Northington v. Jackson*, 973 F.2d 1518, 1523 (10th Cir. 1992). A court liberally construes a pro se complaint and applies "less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). In addition, the court accepts all well-pleaded allegations in the complaint as true. *Anderson v. Blake*, 469 F.3d 910, 913 (10th Cir. 2006). On the other hand, "when the allegations in a complaint, however true, could not raise a claim of entitlement to relief," dismissal is appropriate. *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 558 (2007).

A pro se litigant's "conclusory allegations without supporting factual averments are insufficient to state a claim upon which relief can be based." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). "[A] plaintiff's obligation to provide the 'grounds' of his 'entitlement to

relief" requires "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action." *Twombly*, 550 U.S. at 555 (citations omitted). The complaint's "factual allegations must be enough to raise a right to relief above the speculative level" and "to state a claim to relief that is plausible on its face." *Id.* at 555, 570.

The Tenth Circuit Court of Appeals has explained "that, to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). The court "will not supply additional factual allegations to round out a plaintiff's complaint or construct a legal theory on a plaintiff's behalf." *Whitney v. New Mexico*, 113 F.3d 1170, 1173-74 (10th Cir. 1997) (citation omitted).

The Tenth Circuit has pointed out that the Supreme Court's decisions in *Twombly* and *Erickson* gave rise to a new standard of review for § 1915(e)(2)(B)(ii) dismissals. *See Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007) (citations omitted); *see also Smith v. United States*, 561 F.3d 1090, 1098 (10th Cir. 2009). As a result, courts "look to the specific allegations in the complaint to determine whether they plausibly support a legal claim for relief." *Kay*, 500 F.3d at 1218 (citation omitted). Under this new standard, "a plaintiff must 'nudge his claims across the line from conceivable to plausible.'" *Smith*, 561 F.3d at 1098 (citation omitted). "Plausible" in this context does not mean "likely to be true," but rather refers "to the scope of the allegations in a complaint: if they are so general that they encompass a wide swath of conduct, much of it innocent," then the plaintiff has not "nudged [his] claims across the line from conceivable to plausible." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008) (citing *Twombly*, 127 S. Ct. at 1974).

## III.  DISCUSSION

After reviewing Plaintiff's Complaint, the Court finds that it is subject to dismissal for the following reasons.

### A.  Failure to Specify a Cause of Action

Plaintiff filed his Complaint using a form for civil rights complaints under 42 U.S.C. § 1983, but he does not state that he is proceeding under §1983 or assert the violation of any constitutional right.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West*, 487 U.S. at 48.  As explained above, "to state a claim in federal court, a complaint must explain what each defendant did to [the *pro se* plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious*, 492 F.3d at 1163.  Plaintiff claims that he was subjected to employment discrimination on the basis of his race but does not indicate what specific constitutional right he believes was violated. Without doing so, Plaintiff fails to state a claim, and the Complaint is subject to dismissal.

It may be that Plaintiff did not intend to bring a §1983 action but rather to proceed under §1981, Title VII of the Civil Rights Act (42 U.S.C. § 2000e), or some other federal statute.  If so, Plaintiff must include such a statement in his Complaint.

### B.  Insufficient Factual Allegations

The Complaint does not include enough facts to state an actionable claim.  Plaintiff includes no information about the defendant.  It appears that Plaintiff was in the custody of the Kansas Department of Corrections ("KDOC") at the time he alleges he was fired by Defendant. However, the Complaint does not describe Plaintiff's employment relationship with the defendant

or the defendant's relationship with the KDOC.  The Complaint does not state whether Plaintiff was in a work release program or whether some other type of arrangement existed.  The Court cannot determine whether Plaintiff states an actionable claim without additional information.

Plaintiff's allegations about the firing are also sparse.  The only evidence of racial discrimination is that the target of the alleged harassment and a supposed witness were both white. Plaintiff does not explain how that shows discrimination on the part of his employer.

If Plaintiff chooses to file an amended complaint, he must include additional facts in support of his claim.

**C.  No State Actor**

Plaintiff names what appears to be a private company as defendant.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *West*, 487 U.S. at 48.  The "under color of state law" requirement is a "jurisdictional requisite for a § 1983 action."  *West*, 487 U.S. at 42; *Polk County v. Dodson*, 454 U.S. 312 (1981).  Thus, it is of no consequence how discriminatory or wrongful the actions a plaintiff may describe; merely private conduct does not satisfy the "under color of" element and therefore no § 1983 liability exists.  *See Brentwood Academy v. Tennessee Secondary Athletic Ass'n*, 531 U.S. 288, 294–96 (2001); *American Manufs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999).  A defendant acts "under color of state law" when he "exercise[s] power possessed by virtue of state law and made possible only because the wrongdoer is clothed with the authority of state law."  *West*, 487 U.S. at 49; *Lugar v. Edmondson Oil Co.*, 457 U.S. 922, 937 (1982); *Yanaki v. Iomed, Inc.*, 415 F.3d 1204, 1208 (10th Cir. 2005), *cert. denied*, 547 U.S. 1111 (2006).

Plaintiff seeks to hold a private actor accountable under § 1983 and does not plead that the defendant acted under color of state law.  If the defendant is a private company that simply uses inmate labor (which is not clear from the Complaint), the use of prisoners as workers is not sufficient to make it a state actor.  *See Keeling v. Schaefer*, 181 F. Supp. 2d 1206, 1229-30 (D. Kan. 2001).  Because Plaintiff's Complaint fails to sufficiently allege Defendant was acting under color of state law, this Court lacks jurisdiction over this Defendant under § 1983.  *See Whitehead v. Marcantel*, 766 F. App'x 691, 700 (10th Cir. 2019) ("We conclude that the complaint failed to provide sufficient factual matter to allege that Keefe was a state actor; therefore, the federal courts lack jurisdiction over this claim.").  Plaintiff's Complaint is subject to dismissal for this reason.

### D.  No Constitutional Right to Prison Job

If Plaintiff intended to bring a § 1983 action and assert a violation of his due process rights under the Fourteenth Amendment, his claim fails.  The Tenth Circuit has found that a prisoner does not have a constitutionally protected liberty interest in a prison job.  *Penrod v. Zavaras,* 94 F.3d 1399, 1407 (10th Cir. 1996).  "[D]enial of employment opportunities to an inmate does not impose an 'atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life.'"  *Id.* (*quoting Sandin v. Conner*, 515 U.S. 472, 484 (1995)).  Therefore, any due process claim stemming from Plaintiff's termination is subject to dismissal.  *Jenner v. McDaniel*, 123 F. App'x 900, 905 (10th Cir. 2005).

### E.  No Damages for Mental Anguish Allowed

Plaintiff's request for compensatory damages for his mental anguish is barred by 42 U.S.C. § 1997e(e).  Section 1997e(e) provides that "[n]o Federal civil action may be brought by a prisoner confined in a jail, prison, or other correctional facility, for mental or emotional injury suffered while in custody without a prior showing of physical injury or the commission of a sexual act (as

defined in section 2246 of Title 18).” 42 U.S.C. § 1997e(e).  Plaintiff has failed to allege any physical injury.  Therefore, he may not recover damages for mental and emotional injuries he may have suffered.

## IV.  Response and/or Amended Complaint Required

Plaintiff is required to show good cause why Plaintiff’s claim should not be dismissed for the reasons stated herein.  Plaintiff is also given the opportunity to file a complete and proper amended complaint upon court-approved forms that cures all the deficiencies discussed herein.  To add claims, significant factual allegations, or change defendants, a plaintiff must submit a complete amended complaint.  *See* Fed. R. Civ. P. 15.  An amended complaint is not simply an addendum to the original complaint, and instead completely supersedes it.  Therefore, any claims or allegations not included in the amended complaint are no longer before the court.  It follows that a plaintiff may not simply refer to an earlier pleading, and the amended complaint must contain all allegations and claims that a plaintiff intends to pursue in the action, including those to be retained from the original complaint.

Plaintiff must write the number of this case (25-3136-JWL) at the top of the first page of the amended complaint and must name every defendant in the caption of the amended complaint.  *See* Fed. R. Civ. P. 10(a).  Plaintiff should also refer to each defendant again in the body of the amended complaint, where Plaintiff must allege facts describing the unconstitutional acts taken by each defendant including dates, locations, and circumstances.  Plaintiff must allege sufficient additional facts to show a federal constitutional violation. Plaintiff is given time to file a complete and proper amended complaint in which Plaintiff (1) raises only properly joined claims and defendants; (2) alleges sufficient facts to state a claim for a federal constitutional violation and show a cause of action in federal court; and (3) alleges sufficient facts to show personal

participation by each named defendant.  If Plaintiff does not file an amended complaint within the prescribed time that cures all the deficiencies discussed herein, Plaintiff's claims may be dismissed without further notice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff is granted until **October 6, 2025,** in which to show good cause, in writing to the undersigned, why Plaintiff's Complaint should not be dismissed for the reasons stated herein.

**IT IS FURTHER ORDERED** that Plaintiff is also granted until **October 6, 2025,** in which to file a complete and proper amended complaint to cure all the deficiencies discussed herein.

The Clerk is directed to send § 1983 forms and instructions to Plaintiff.

**IT IS SO ORDERED**.

**Dated September 5, 2025, in Kansas City, Kansas.**

> **S/  John W. Lungstrum**
> **JOHN W. LUNGSTRUM**
> **UNITED STATES DISTRICT JUDGE**