**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

**BERNARD L. SMITH,**

    **Plaintiff,**

    v.                                **CASE NO. 25-3136-JWL**

**ADE-WIFCO STEEL
PRODUCTS, et al.,**

    **Defendants.**

**MEMORANDUM AND ORDER**

Plaintiff Bernard L. Smith brings this pro se employment discrimination action. Plaintiff is currently in custody at the Larned State Correctional Facility in Larned, Kansas. On September 5, 2025, the Court entered a Memorandum and Order to Show Cause (Doc. 5, "MOSC") ordering Plaintiff to show good cause why his Complaint should not be dismissed for failure to state a claim. This matter is before the Court on Plaintiff's response (Doc. 8), Amended Complaint (Doc. 9), and two motions (Docs. 6 and 7).

Plaintiff alleges that he was fired on July 24, 2023, from a job with ADE-WIFCO Steel Products for sexual harassment of another worker. He asserted in the Complaint (Doc. 1) that there is no proof that any harassment occurred, "[j]ust she was white and I'm Black" and "a white man stated he seen something when he didn't." *Id.* at 2.

Plaintiff sought relief in the form of the return of his job, back pay from the date he was fired, and compensation for mental anguish. *Id.* at 5. Plaintiff named a single defendant, ADE-WIFCO Steel Products, in the Complaint but added Pete Atha, Operations Manager, as a defendant in his Amended Complaint ("AC").

1

The Court found in the MOSC that the Complaint was subject to dismissal because Plaintiff failed to specify a cause of action. He filed his Complaint using a form for civil rights complaints under 42 U.S.C. § 1983 but did not state that he was proceeding under § 1983 or assert a violation of any constitutional right. "To state a claim under § 1983, a plaintiff must allege a violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins,* 487 U.S. 42, 48 (1988). "[T]o state a claim in federal court, a complaint must explain what each defendant did to [the pro se plaintiff]; when the defendant did it; how the defendant's action harmed [the plaintiff]; and, what specific legal right the plaintiff believes the defendant violated." *Nasious v. Two Unknown B.I.C.E. Agents*, 492 F.3d 1158, 1163 (10th Cir. 2007). Plaintiff claimed that he was subjected to employment discrimination on the basis of his race but did not indicate what specific constitutional right he believes was violated. Moreover, the Court found the Complaint subject to dismissal because Plaintiff named a private company, not a state actor, as the defendant and because he does not have a constitutional right to prison employment.

The Court further found in the MOSC that the Complaint did not include enough facts to state an actionable claim because Plaintiff provided no information about the defendant or his employment relationship with the defendant. Plaintiff also failed to include sufficient facts to demonstrate discrimination on the part of his employer.

Last, the Court found that Plaintiff's request for compensatory damages for his mental anguish is barred by 42 U.S.C. § 1997e(e) because he did not allege any physical injury.

In his response to the MOSC (Doc. 8), Plaintiff states that he added Pete Atha, the manager of the WIFCO plan in Hutchinson, Kansas, where he was employed, as a defendant in the AC. He argues that Atha "should have talked to plaintiff to see if the allegations [were] true before he let

plaintiff go and shouldn't [have] fired on what another employee THOUGHT he may have seen." (Doc. 8, at 1.)  Plaintiff further explains that the employee who thought he saw Plaintiff harass a female employee was an older white man, and the plaintiff is Black and was the only Black man working in that department.  *Id*. at 2.  The reporting employee was "all ways [sic] making Black jokes."  *Id*.  Plaintiff felt he could not report the jokes because Atha would not have believed him since he was one of only two Black employees and was in the Department of Corrections.  *Id*.  Plaintiff also clarifies that he was working outside the KDOC in a private prison industry job, paid by WIFCO.  *Id*.  In addition, Plaintiff removed his request for compensation for mental anguish. *Id*. at 1; Doc. 9, at 5.  Last, Plaintiff states that he is bringing his lawsuit under "1981 title VII of the civil rights act (42 U.S.C. 2000e)."  *Id*; AC, Doc. 9, at 2.

Having screened the AC under 28 U.S.C. § 1915 and the standards outlined in the MOSC, the Court finds that the AC survives screening.

42 U.S.C. § 1981 guarantees equal contract rights regardless of race.  Section 1981 prohibits intentional race discrimination in the making and enforcing of contracts with both public and private actors.  42 U.S.C. § 1981(c).  The statute's protection extends to "the making, performance, modification, and termination of contracts, and the enjoyment of all the benefits, privileges, terms, and conditions of a contractual relationship." 42 U.S.C. § 1981(b).  To establish a prima-facie case of discrimination under § 1981, a plaintiff must show: (i) that he is a member of a protected class; (ii) that the defendant intended to discriminate on the basis of race; and (iii) that the discrimination interfered with a protected activity as defined in § 1981.  *Lymon v. Aramark Corp.*, 728 F. Supp. 2d 1222, 1247 (D.N.M. 2010), *aff'd,* 499 F. App'x 771 (10th Cir. 2012) (citing *see Hampton v. Dillard Dep't Stores, Inc.,* 247 F.3d 1091, 1101–02 (10th Cir. 2001)).

Title VII states, in pertinent part: "[i]t shall be an unlawful employment practice for an employer ... to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin . . .." 42 U.S.C. § 2000e–2(a)(1). The timely filing of a discrimination charge with the Equal Employment Opportunity Commission ("EEOC") is a prerequisite to a civil suit under Title VII. *Aronson v. Gressly,* 961 F.2d 907, 911 (10th Cir. 1992). A Title VII claimant must file his or her discrimination charge with the appropriate state or local agency, or with the EEOC, within 300 days of the alleged unlawful act. *Peterson v. City of Wichita, Kansas,* 888 F.2d 1307, 1308 (10th Cir. 1989), *cert. denied,* 495 U.S. 932, (1990).

Plaintiff does not allege that he filed a charge with the EEOC or appropriate state agency. However, a plaintiff's failure to file an EEOC charge regarding an employment incident merely permits the employer to raise an affirmative defense of failure to exhaust but does not bar a federal court from assuming jurisdiction over a claim. *Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

The Tenth Circuit and the EEOC have found that in some circumstances, prisoners are not "employees" who can sue under Title VII. *Williams v. Meese*, 926 F.2d 994, 997 (10th Cir. 1991). The conditions of Plaintiff's employment are not entirely clear, but it does not presently appear that Plaintiff would fall within the prisoner exception to Title VII.

The Court must construe Plaintiff's filings liberally because he is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520–21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). If the complaint reasonably can be read "to state a valid claim on which the plaintiff could prevail, [the Court] should do so despite the plaintiff's failure to cite proper legal

authority, his confusion of various legal theories, his poor syntax and sentence construction, or his unfamiliarity with pleading requirements." *Hall*, 935 F.2d at 1110. While it is a close call, the Court finds that Plaintiff's AC survives initial screening.

Also before the Court are two motions filed by Plaintiff. The first is titled "Motion to Answer Complaint" (Doc. 6) and asks the Court to order the defendants to respond to the Complaint. Before serving a defendant a complaint filed by a plaintiff proceeding in forma pauperis, the Court screens the complaint under 28 U.S.C. § 1915(e)(2)(B). Plaintiff's motion was filed before the complaint was screened and is therefore denied. However, by virtue of this Order, the Court has now completed screening and will order the defendants to be served.

Plaintiff's second motion (Doc. 7) seeks an order appointing counsel to represent him. Plaintiff states that he cannot afford to hire counsel, may have problems investigating the facts, and may need expert witnesses. *Id*. at 1. He further states that he has contacted many attorneys but has received no response. *Id*.

The Court has considered Plaintiff's motion for appointment of counsel. There is no constitutional right to appointment of counsel in a civil case. *Durre v. Dempsey*, 869 F.2d 543, 547 (10th Cir. 1989); *Carper v. DeLand*, 54 F.3d 613, 616 (10th Cir. 1995). The decision whether to appoint counsel in a civil matter lies in the discretion of the district court. *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). "The burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Steffey v. Orman*, 461 F.3d 1218, 1223 (10th Cir. 2006) (quoting *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004)). It is not enough "that having counsel appointed would have assisted [the prisoner] in presenting his strongest possible case, [as] the same could be said in any case." *Steffey*, 461 F.3d at 1223 (quoting *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995)).

In deciding whether to appoint counsel, courts must evaluate "the merits of a prisoner's claims, the nature and complexity of the factual and legal issues, and the prisoner's ability to investigate the facts and present his claims." *Hill*, 393 F.3d at 1115 (citing *Rucks*, 57 F.3d at 979). The Court concludes in this case that (1) the issues are not complex, and (2) Plaintiff appears capable of adequately presenting facts and arguments. The Court denies the motion without prejudice.

**IT IS THEREFORE ORDERED BY THE COURT** that Plaintiff's claims survive the Court's screening under 28 U.S.C. § 1915.

**IT IS FURTHER ORDERED** that the Court directs the Clerk of the Court to prepare and issue waiver of service forms for the defendants pursuant to Fed. R. Civ. P. 4(d) to be served upon the defendants at no cost to Plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's pending motions (Docs. 6 and 7) are **denied**.

**IT IS SO ORDERED**.

**Dated October 21, 2025, in Kansas City, Kansas.**

S/ John W. Lungstrum
**JOHN W. LUNGSTRUM**
**UNITED STATES DISTRICT JUDGE**