## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

BERNARD L. SMITH,

      Plaintiff,

      v.

ADE-WIFCO STEEL PRODUCTS, *et al.*,

      Defendant.

Case No. 25-3136-DDC-BGS

## MEMORANDUM & ORDER ON
## MOTION TO APPOINT COUNSEL

Plaintiff Bernard Smith filed this action *pro se* in July 2025, alleging employment discrimination. (Doc. 1.) In conjunction with his federal court Complaint (*id.*), Plaintiff filed a motion to proceed without prepayment of fees (*IFP* motion, Doc. 3, sealed), with a supporting financial affidavit (Doc. 3-1, sealed). At the time, the case was assigned to District Judge John Lungstrum, who granted *IFP* status to Plaintiff. (Doc. 4, text Order.)

Plaintiff subsequently filed a motion requesting appointment of counsel. (Doc. 7.) This motion was also resolved by Judge Lungstrum, who denied the request for counsel, finding that "(1) the issues [in this case] are not complex, and (2) Plaintiff appears capable of adequately presenting facts and arguments." (Doc. 10, at 6 (citing *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004) (internal citation omitted)).)

The case was ultimately reassigned to District Judge Daniel Crabtree. The case has progressed, resulting in Defendants filing a motion to dismiss for failure to state a claim. (Doc. 17.) Defendants have also filed a motion to strike (Doc. 23) Plaintiff's surreply to the dispositive motion, arguing that the surreply is unnecessary and Plaintiff did not seek leave to file it. Both motions are

1

currently pending.

Plaintiff subsequently filed a second motion requesting appointment of counsel.  (Doc. 24.) Therein, Plaintiff argues that counsel should be appointed because he cannot afford counsel, he has been diligent in searching for counsel, he has alleged "meritorious allegations of discrimination," and because his case requires a significant amount of discovery, including depositions and expert witnesses.  (Doc. 24, at 1-2.)  For the reasons set forth below, this motion is **DENIED**.

## Motion for Appointment of Counsel

As an initial matter, the Court notes there is no constitutional right to have counsel appointed in civil cases such as this one. *Beaudry v. Corr. Corp. of Am.*, 331 F.3d 1164, 1169 (10th Cir. 2003); *Lynn v. Willnauer*, Case No. 19-3117-HLT, 2021 WL 1390384, *22 (D. Kan. April 13, 2021).  "[A] district court has discretion to request counsel to represent an indigent party in a civil case" pursuant to 28 U.S.C. § 1915(e)(1). *Commodity Futures Trading Comm'n v. Brockbank*, 316 F. App'x 707, 712 (10th Cir. 2008).  The decision whether to appoint counsel "is left to the sound discretion of the district court." *Lyons v. Kyner*, 367 F. App'x 878, n.9 (10th Cir. 2010) (citation omitted).

The Tenth Circuit has identified four factors to be considered when a court is deciding whether to appoint counsel for an individual: (1) plaintiff's ability to afford counsel, (2) plaintiff's diligence in searching for counsel, (3) the merits of plaintiff's case, and (4) plaintiff's capacity to prepare and present the case without the aid of counsel. *McCarthy v. Weinberg*, 753 F.2d 836, 838-39 (10th Cir. 1985) (listing factors applicable to applications under the IFP statute); *Castner v. Colorado Springs Cablevision*, 979 F.2d 1417, 1421 (10th Cir. 1992).  Thoughtful and prudent use of the appointment power is necessary so that willing counsel may be located without the need to make coercive appointments.  The indiscriminate appointment of volunteer counsel to undeserving claims will waste a precious

resource and may discourage attorneys from donating their time. *Castner*, 979 F.2d at 1421.  For the reasons discussed below, the Court finds that, on balance, the above factors weigh against appointing counsel.

Under the first factor, the Court notes that Plaintiff has been given leave to proceed *in forma pauperis* in this case. (Doc. 4, text Order.)  This weighs in favor of appointing counsel.  The second factor relates to Plaintiff's diligence in searching for counsel.  Plaintiff must show that he has "made a reasonably diligent effort under the circumstances to obtain an attorney." *Martinez v. Pickering*, No. 22-CV-4027-JWB-RES, 2022 WL 1604616, at *2 (D. Kan. May 20, 2022).  Here, Plaintiff's motion indicates that he has contacted eight attorneys, which establishes his diligence.  Thus, this factor also weighs in favor of appointing counsel.

The next factor is the viability of Plaintiff's claims in federal court. *See McCarthy*, 753 F.2d at 838-39 (10th Cir. 1985); *Castner*, 979 F.2d at 1421.  In regard to this factor, "[t]he burden is on the applicant to convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *Hill*, 393 F.3d at 1115 (quoting *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985)).  As discussed above, a motion to dismiss Plaintiff's claims is currently pending before the District Court.  The present Order makes no determination as to the validity of that dispositive motion and/or the merits of Plaintiff's claims.  Thus, the Court finds this factor to be nondeterminative for purposes of analyzing Plaintiff's request for counsel.

Regardless of the potential viability of Plaintiff's claims, and notwithstanding that two factors weigh in favor of appointment, the Court's analysis turns to the final *Castner* factor, – Plaintiff's capacity to prepare and present their case without the aid of counsel.  979 F.2d at 1420-21. In considering this factor, the Court must look to the complexity of the legal issues and Plaintiff's ability to gather and present crucial facts. *Id.* at 1422.  Merely alleging that counsel could assist in

presenting the "strongest possible case" does not justify granting such a motion. *Lane v. Brewer*, No. 07-3225-JAR, 2008 WL 3271921, at *2 (D. Kan. Aug. 7, 2008).

In this regard, Plaintiff argues this case will require "extensive documentary discovery," including depositions. (Doc. 24, at 2.) He also indicates he "may need expert witnesses for the testimony of multiple witnesses, personal involvement of multiple defendants in this case." (*Id.*) Further, he argues that this "case may not be won without a high degree of SKILLS based on a firm foundation of depositions and other [pretrial] discovery and preparation that is beyond the ability of a Pro se litigant." (*Id.* (capitalization in original).)

As discussed above, the District Court has already determined that the issues in this case "are not complex" and that "Plaintiff appears capable of adequately presenting facts and arguments." (Doc. 10, at 6.) There is nothing presently before the Court that would lead the undersigned Magistrate Judge to find otherwise. Plaintiffs' case is not unusually complex in comparison to litigants who represent themselves *pro se* in federal cases on a regular basis. *See e.g. Cox v. Ann (LNU)*, 924 F. Supp. 2d 1269 (D. Kan. 2013) (denying the appointment of counsel in a case alleging §1983 claims for violation of right to medical care as pretrial detainee under the 14th Amendment, deliberate indifference in rejecting a medical request, official custom or policy permitting denial of medical request, and related state tort claims); *McLain v. Sedgwick Co. Sheriff's Office*, No. 25-4036-JWB-BGS, 2025 WL 1696525, at *2-3 (D. Kan. June 17, 2025) (denying the appointment of counsel in a case wherein the *pro se* plaintiffs contend there were "complex federal civil rights claims involving multiple government entities, systematic violations of constitutional and statutory rights, and an alleged pattern of racketeering activity designed to suppress Plaintiffs' federally protected rights under the ADA and Fair Housing Act").

The Court understands that Plaintiff believes in his employment discrimination claim and believes that he deserves an attorney to represent him.  These beliefs, however, do not constitute valid bases for the Court to appoint an attorney.  Plaintiff has filed a coherent response to Defendants' dispositive motion, citing both case law and federal statutes while containing factual and legal analysis.  (*See generally* Doc. 20.)  While the Court does not doubt that a trained attorney would handle the matter more effectively, the Court sees no basis to distinguish Plaintiff from the many other untrained individuals who represent themselves *pro se* on various types of claims in courts throughout the United States on any given day.  In other words, although Plaintiff is not trained as an attorney, this alone also does not warrant appointment of counsel.

While Plaintiff has satisfied the threshold financial and diligence in searching for counsel factors, *Castner* requires affirmative showings on the first *three* requisite factors.  *Castner*, 979 F.2d at 1421.  Because the merits remain unresolved and Plaintiff's capacity to present his case weighs against appointment, the balance does not support granting the motion.  As such, Plaintiff's request for counsel (Doc. 24) is **DENIED**.

IT IS THEREFORE ORDERED that Plaintiff's motion for appointment of counsel (Doc. 24) is **DENIED**.

**IT IS SO ORDERED**.

Dated at Wichita, Kansas, on this 23rd day of March, 2026.

/s/ Brooks G. Severson
Brooks G. Severson
United States Magistrate Judge