**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| BERNARD L. SMITH,<br><br>*Plaintiff*,<br><br>v.<br><br>ADE-WIFCO STEEL PRODUCTS, INC. and PETE ATHA,<br><br>*Defendants*. | Case No. 25-3136-AJP-BGS |

**MEMORANDUM AND ORDER**

Pro se Plaintiff Bernard Smith filed suit against Defendants ADE-WIFCO Steel Products, Inc. ("ADE-WIFCO") and Pete Atha alleging violations of Title VII and § 1981. Defendants filed a Motion to Dismiss for failure to state a claim pursuant to Fed. R. Civ. P. 12(b)(6) (Doc. 17). For the reasons stated in more detail below, the Court grants Defendants' motion.

## I. Factual and Procedural Background[1]

In July 2023, Smith was employed by ADE-WIFCO as a private prison industry worker. Pete Atha, the operations manager, received a report from a white employee claiming that he saw Smith touch a "young lady," who was white (Doc. 9 at 3). Subsequently, Smith was fired for sexually harassing her without anyone first

[1] The facts in this section are taken from Plaintiff's Complaint unless otherwise cited.

speaking to him about the allegation. Smith alleges that he was actually fired because he is "a black man." (Doc. 9 at 3). He claims that the employee who reported the sexual harassment was white and "got upset because we worked together." (Doc. 9 at 3). In his Amended Complaint, Smith asserts discrimination claims under 42 U.S.C. § 1981 and Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000(e)-2(a)(1). Smith requests backpay and for reinstatement of his employment at ADE-WIFCO.

Defendants filed a Motion to Dismiss in December 2025 arguing that there is insufficient factual support for Smith's claims to reach the plausibility standard. After briefing was complete, Plaintiff filed a sur-reply without leave of court. Defendants have filed a Motion to Strike Plaintiff's sur-reply, which remains pending (Doc. 23). In early July, this case was re-assigned to the undersigned. After re-assignment, Plaintiff filed a Motion for Order on Defendants' Motion to Dismiss (Doc. 27).

## II. Legal Standard

Pursuant to Federal Rule of Civil Procedure 12(b)(6), a defendant may move for dismissal of any claim for which the plaintiff has failed to state a claim upon which relief can be granted. Upon such motion, the court must determine whether a complaint contains sufficient factual allegations to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible if the plaintiff pleads facts sufficient for the court to reasonably infer that the defendant is

liable for alleged misconduct. *Id.* (citing *Twombly*, 550 U.S. at 556). Under Rule 12(b)(6), the court must accept as true all factual allegations in the complaint, but it need not afford such a presumption to legal conclusions. *Id.* at 678–79. Viewing the complaint in this manner, the court must decide whether the plaintiff's allegations give rise to more than speculative possibilities. *See id.* at 678.

A pro se litigant's pleadings are broadly construed and "held to a less stringent standard than formal pleadings drafted by lawyers." *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citations omitted). The Court, however, cannot assume the role of advocate for the pro se litigant. *Id.* "[C]onclusory allegations without supporting factual averments are insufficient to state a claim on which relief can be based." *Id.* (citations omitted).

## III. Analysis

### A. Motion to Strike

As an initial matter, the Court will decide whether it will consider Smith's sur-reply as part of the briefing on Defendants' Motion to Dismiss. Defendants filed a Motion to Strike Smith's sur-reply because Smith did not ask for leave to file it and they contend that it is unnecessary. Pursuant to D. Kan. Rule 7.1(c), briefing is limited to the motion with a supporting memorandum, a response, and a reply. Generally, sur-replies are not allowed, but they may be permitted in rare cases with leave of court. *COPE v. Kan. State Bd. of Educ.*, 71 F. Supp. 3d 1233, 1238 (D. Kan. 2014). Here, Plaintiff never sought leave of court to file a sur-reply, and he failed to

respond to Defendants' Motion to Strike. Thus, the Court grants Defendants' motion and will not consider the sur-reply.

**B. Motion to Dismiss**

When considering a motion to dismiss under Rule 12(b)(6), the Court only looks to the complaint to determine if the plaintiff sufficiently alleges facts supporting all the elements necessary to establish an entitlement to relief under the proposed legal theory. *Commonwealth Prop. Advocs., LLC v. Mortg. Elec. Registration Sys., Inc.*, 680 F.3d 1194, 1201–02 (10th Cir. 2011) (citation omitted). In this case, Smith filed an Amended Complaint prior to Defendants' Motion to Dismiss and thus the Court only considers the Amended Complaint. *See Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 35 (2025) ("If a plaintiff amends [the] complaint, the new pleading supersedes the old one: The original pleading no longer performs any function in the case") (internal quotation marks and citation omitted). To the extent Smith relies upon facts alleged in the original complaint or newly alleged facts in his response to the Motion to Dismiss, the Court cannot consider those facts when determining the plausibility of Smith's claims. Only the allegations in the Amended Complaint are used to determine if Plaintiff meets the pleading standard.

In this case, Plaintiff asserts racial discrimination claims under both Title VII and § 1981. Defendants first argue that Title VII's exhaustion requirement bars

Plaintiff's Title VII claim.[2] Next, Defendants contend that Plaintiff fails to state a racial discrimination claim under either Title VII or § 1981. The Court will only address Defendants' plausibility argument as it finds Plaintiff fails to state a claim.

Defendants contend that Plaintiff's claims do not meet the plausibility standard under Rule 12 (b)(6). As noted above, Plaintiff has the burden of sufficiently pleading facts that make it plausible the defendant is liable for the misconduct. *Iqbal*, 556 U.S. at 678. The Court agrees that Smith fails to meet that burden for both of his claims.

"A complaint raising a claim of discrimination does not need to conclusively establish a prima facie case of discrimination, but it must contain more than [t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Bekkem v. Wilkie*, 915 F.3d 1258, 1274 (10th Cir. 2019) (citation omitted). The Tenth Circuit does not "mandate the pleading of any specific facts in particular, [but] a plaintiff must include enough context and detail to link the allegedly adverse employment action to a discriminatory or retaliatory motive with something besides sheer speculation." *Id.* at 1274–75 (citation omitted). The elements of each alleged cause of action help to determine whether the plaintiff sets forth plausible claims. *Khalik v. United Air Lines*, 671 F.3d 1188, 1192 (10th Cir. 2012).

---

[2] Exhaustion of administrative remedies with the EEOC is not a jurisdictional prerequisite to suit but is instead an affirmative defense that may be raised by a defendant. *See Lincoln v. BNSF Ry. Co.*, 900 F.3d 1166, 1185 (10th Cir. 2018).

The elements for racial discrimination claims are generally the same under Title VII as under § 1981. *Terranova v. Interrail Transp. of Kansas City LLC*, 2025 WL 3239833, at *4 (D. Kan. Nov. 20, 2025) (citation omitted). To demonstrate a prima facie case of discrimination, Plaintiff must establish that (1) he is a member of a protected class, (2) he suffered an adverse employment action, and (3) the challenged action took place under circumstances giving rise to an inference of racial discrimination. *Daniels v. United Parcel Serv., Inc.*, 701 F.3d 620, 627 (10th Cir. 2012) (citation omitted).

Taking as true the facts alleged in the Amended Complaint, and not the asserted legal conclusions, the facts are as follows. Plaintiff worked at ADE-WIFCO, and Pete Atha was the operations manager. Plaintiff is black. A white employee reported to Atha that Plaintiff sexually harassed a white, female coworker. Plaintiff alleges that the reporting employee lied because he was angry that he worked with Plaintiff. Atha did not discuss the employee's report with Plaintiff before he fired Plaintiff for sexual harassment.

The parties agree that Plaintiff was terminated and termination is an adverse employment action. Plaintiff also alleges that he was of a different race from the actors involved in his termination. Plaintiff, however, does not allege that racial discrimination motivated or caused his termination. *See Comcast Corp. v. Nat'l Ass'n of Afr. Am.-Owned Media,* 589 U.S. 327, 336–38, 341 (2020) (Title VII requires that race be a motivating factor, and § 1981 requires that race be the but for cause of the loss of a legally protected right). He alleges that the employee who

reported him had a racially discriminatory motive, but there are no allegations that racial motive or bias played any part in Atha or ADE-WIFCO's decision to terminate him. *See Khalik*, 671 F.3d at 1194 (granting the motion to dismiss where there was nothing more than sheer speculation linking the termination to a discriminatory motive). Thus, because Smith's Amended Complaint contains no allegations that his race played a part in Defendants' decision to terminate him, Smith fails to adequately allege a racial discrimination claim under Title VII or § 1981.

**IT IS THEREFORE ORDERED** that Defendants' Motion to Dismiss (Doc. 17) is **GRANTED**.

**IT IS FURTHER ORDERED** that Defendants' Motion to Strike (Doc. 23) is **GRANTED.**

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Order (Doc. 27) is **DENIED** as moot.

**IT IS SO ORDERED.**

Dated this 11th day of August, 2026.

s/ Anthony J. Powell
ANTHONY J. POWELL
UNITED STATES DISTRICT JUDGE